# Davidson Township's Appeal.   Commonwealth *versus* Gower.

1. The Court of Quarter Sessions may inquire in a summary way into the fact of insanity of a pauper and use their discretion in sending him, if unsafe to be at large, to the State Lunatic Asylum, or to be confined elsewhere as they may believe his case to be curable or not.

2. A pauper was before the court on a surety of the peace; the court being of opinion that he was insane and unsafe to be at large, ordered him to be confined in the county jail until otherwise ordered, and directed the overseers of the proper township to pay the costs of the proceeding and the support of the pauper. *Held*, to be correct.

March 30th 1871.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Quarter Sessions of *Lycoming county:* No. 361, to January Term 1871.

Andrew Gower was bound over to the Court of Quarter Sessions for surety of the peace. The court made this order in the case:—

"And now, August 20th 1867, on hearing, the court are of opinion that it is unsafe the defendant should be permitted to be at large, owing to his being insane. It is therefore ordered that the said defendant be confined in the jail of the county until otherwise ordered, and that a rule be granted on the Overseers of Davidson township, Sullivan county, to show cause why said township should not pay the costs of this proceeding, and the support of said defendant."

The rule was made absolute January 14th 1868.

The following proceedings were had in the Court of Quarter Sessions of Lycoming county:—

"September 10th 1869, on motion of H. H. Cummin, attorney for Lycoming county, court grant rule on Overseers of the Poor of Davidson township, Sullivan county, to show cause why attachment should not issue against them for contempt, in not paying the costs in the above-stated case, and the support of said Andrew Gower, defendant, now confined in the jail of Lycoming county, as they were ordered and directed by the court February 14th 1868. * * *   February 5th 1870, bill for support of defendant, amounting to $504.70, being presented to the court for approval by H. H. Cummin, attorney for commissioners of Lycoming county, the court after examination approved the same."

The Overseers of Davidson township appealed, and assigned for error :—

1. Granting "a rule upon the Overseers of the Poor of Davidson township, Sullivan county, to show cause why said township should not pay the costs of this proceeding, and the support of said defendant."

[Davidson Township's Appeal.]

2. Making said rule upon the Overseers of the Poor of Davidson township absolute.

3. Approving the bill rendered against Davidson township for the support of defendant, Andrew Gower.

The proceedings were by virtue of the following Acts of Assembly:—

1. An Act to establish, &c., "The Pennsylvania State Lunatic Hospital and Union Asylum for the Insane," approved 14th April 1845, Pamph L. 441; section 14 of which provides:—

"That if any person shall apply to any court of record within this Commonwealth, having jurisdiction of offences which are punishable by imprisonment for the term of ninety days or longer for the commitment to said asylum any insane person within the county in which such court has jurisdiction, it shall be the duty of said court to inquire into the fact of insanity in the manner provided by law; and if such court shall be satisfied that such person is by reason of insanity unsafe to be at large, or is suffering any unnecessary duress or hardship, such court shall, on the application aforesaid, commit such insane person to said asylum."

2. Act of April 8th 1861, Pamph. L. 1861, p. 248.

"Sect. 1. That when application shall be made under the 14th section of the Act of 14th April 1845, to which this is supplementary, to any court of this Commonwealth for the commitment of any person to the Pennsylvania State Lunatic Hospital, it shall be lawful for such court either to inquire into the fact of insanity in a summary way, after giving the notice required by law to the alleged lunatic and his or her friends or kindred, or by awarding an inquest at the option of the court; and in all cases it shall be lawful for the several courts of this Commonwealth to use their discretion in sending insane persons who are unsafe to be at large to said hospital, or cause them to be confined elsewhere, as the said courts shall believe the case to be curable or otherwise."

*B. S. Bentley, Jr.*, and *Bentley*, for appellant, referred to Act of March 31st 1860 (*Criminal Procedure*), §§ 68, 69, 70, Pamph. L. 445, Purd. 262, pl. 68–70.

*H. H. Cummin*, for Lycoming county, appellee, cited Broom's Maxims 637; Shenango *v.* Wayne, 10 Casey 184; Lower Augusta *v.* Northumberland Co., 1 Wright 145; Franklin *v.* Penna. St. Lunatic Asylum, 6 Casey 522.

The opinion of the court was delivered, May 8th 1871, by

READ, J.—The several poor districts of the state are liable for the support, maintenance and keeping of their insane paupers; Jacob Wertz *v.* Blair County, 16 P. F. Smith 18; and on application made, the Courts of Quarter Sessions may inquire into the

facts of insanity in a summary way, and may use their discretion in sending insane persons who are unsafe to be at large to the Pennsylvania State Lunatic Hospital, or cause them to be confined elsewhere, as the said courts shall believe the case to be curable or otherwise.

Andrew Gower, on the 20th August 1867, on a hearing before the Court of Quarter Sessions of Lycoming county, the court being of opinion that it was unsafe for him to be at large, owing to his being insane, was ordered to be confined in the jail of the county, until otherwise ordered, and a rule was granted on the Overseers of Davidson township, Sullivan county, to show cause why said township should not pay the costs of the proceeding, and the support of said defendant, which rule was made absolute on the 14th February 1868. The hearing had been on a commitment by a justice of the peace for threatening to kill all white men.

An attachment for contempt in not obeying the order of the court was issued and served on the Overseers of Davidson township. The bill for his support amounting to $504.70 was approved by the court.

The insanity was proved to the satisfaction of the court, and that it was unsafe for him to be at large; that he was a pauper, and that his settlement was in Davidson township, which was undoubtedly liable for his support. In this the court was right.

We see no error in the proceedings, therefore decree affirmed, and appeal dismissed at the costs of the appellants.